# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:14cv29

| | |
|---|---|
| GEORGE W. SHOPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FRONTIER COMMUNICATIONS ) | |
| CORPORATIONS, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion to Set Aside Default [# 20]. Defendant Hewett Management Company, LLC ("Hewett") moves the Court to set aside the entry of default. Upon a review of the record and the relevant legal authority, the Court **GRANTS** the motion [# 20].

**I.    Background**

Plaintiff brought this action on July 15, 2014, against a number of defendants. Plaintiff then filed an Amended Complaint on November 5, 2014. Hewett failed to file a timely response to the Amended Complaint, and Plaintiff moved for the entry of default. On January 20, 2015, the Clerk entered default against Defendant Hewett. Defendant Hewett now moves to set aside the entry of

default.

## II. Analysis

Where the clerk enters default against a defendant for failing to plead or defend, the court may set aside the clerk's entry of default for good cause shown under Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(c). In contrast, where a default judgment has been entered against a defendant, the defendant must seek relief pursuant to Rule 60(b). Although courts often utilize the same factors when determining whether to set aside the entry of default under Rule 55(c) and whether to set aside the entry of a default judgment under Rule 60(b), the burden on the movant seeking relief is different. Colleton v. Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 420 (4th Cir. 2010). A party seeking relief under Rule 55 bears a less onerous burden to set aside a default than a party seeking relief pursuant to Rule 60. Id.

In determining whether a defendant has shown the good cause for setting aside the entry of default under Rule 55, the United States Court of Appeals for the Fourth Circuit has set forth a number of factors for the Court to consider. Id. at 417. As the Fourth Circuit explained in Payne ex rel. Estate of Calzado v. Brake, 439 F.3d 198, 204 (4th Cir. 2006):

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defending party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

See also Colleton, 616 F.3d at 417.  Mere delay of the legal proceedings resulting from a defendant's default does not in and of itself constitute prejudice.  Colleton, 616 F.3d at 418.  Moreover, the fact that a plaintiff will have to prove a defendant's liability rather than rely on the entry of default does not constitute prejudice to a plaintiff.  Id. at 419.  Finally, in considering the various factors for setting aside the entry of default, the Court must always keep in mind the strong preference in this Circuit for avoiding defaults and disposing of claims on the merits.  Id. at 417.

Upon consideration of the relevant factors, and considering the strong preference for disposing of claims on the merits, the Court finds that Defendant Hewitt has shown good cause for setting aside the entry of default.  Defendant Hewitt promptly moved to set aside the entry of default in this case.  This case is still in the early stages; the Court has yet to even enter a Pretrial Order.  In addition, Plaintiff will suffer no prejudice from setting aside the default and resolving any claims against Defendant Hewitt on the merits.  Defendant Hewitt has also set forth several meritorious defenses, including that it is not the proper

defendant in this action. Finally, there is no history of dilatory action by Defendant Hewitt.

Although Defendant Hewitt bears some responsibility for its failure to respond to the Amended Complaint in a timely manner, the harsh sanction of default is unwarranted in this case. Rather, the Court finds that a less drastic sanction is appropriate. Accordingly, the Court **DIRECTS** Defendant Hewitt to pay a sanction of $500.00 into the registry of the Court. Upon the payment of the sanction, the Court **DIRECTS** the Clerk to set aside the entry of default.[1]

**III. Conclusion**

The Court **GRANTS** the Motion to Set Aside Default [# 20]. The Court **DIRECTS** Defendant Hewitt Management Co., LLC to pay a sanction of $500.00 into the registry of the Court. Upon the payment of the sanction, the Court **DIRECTS** the Clerk to set aside the entry of default. Upon the setting aside of the default by the Clerk, Defendant Hewitt Management Co., LLC shall have ten (10) days to file an Answer or otherwise respond to the Amended Complaint.

---

1  To the extent that Plaintiff moves the Court to add Defendant Hewitt Associates, LLC as a party to this action in its Response to Motion to Set Aside Default, such motion is not properly before this Court as a party may not include a motion in a response brief. LCvR 7.1(C)(2).

Signed: March 10, 2015

Dennis L. Howell
United States Magistrate Judge